Federal Claims held that it had jurisdiction over the complaint under the Tucker Act. The court awarded the taxpayer the amounts unlawfully assessed under the Export Clause but determined that the taxpayer was not entitled to interest.

Because the Court of Federal Claims' determination that the taxpayer could bring a complaint under the Tucker Act is incorrect under *Clintwood Elkhorn,* we agree with the United States that the judgment below must be reversed. We further agree with the United States that remand is required for the court to revise its judgment in accordance with *Clintwood Elkhorn.*

Accordingly,

IT IS ORDERED THAT:

(1) The stay of proceedings is lifted.

(2) The motion is granted. The judgment of the Court of Federal Claims is reversed. The case is remanded for the court to revise its judgment accordingly.

(3) Each side shall bear its own costs.

Derrick Van Greene, Fort Worth, TX, pro se.

Robert E. Chandler, Department of Justice, Washington, DC, for Appellant.

Before MICHEL, Chief Judge, NEWMAN and LOURIE, Circuit Judges.

ON MOTION

NEWMAN, Circuit Judge.

*ORDER*

The Postmaster General moves to voluntarily dismiss his own appeal and states that Derrick Van Greene opposes.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

**John E. POTTER, Postmaster General, Appellant,**

v.

**Derrick VAN GREENE, Appellee.**

**No. 2008–1042.**

United States Court of Appeals, Federal Circuit.

June 25, 2008.

**Lee J. YARBROUGH, Claimant–Appellant,**

v.

**James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 2007–7146.**

United States Court of Appeals, Federal Circuit.

June 25, 2008.

